ELMORE, Judge.
 

 *307
 
 Jeffrey Scott Cox (defendant) appeals from the trial court's order entered 7 November 2013 denying his motion for postconviction DNA testing and appointment of counsel. After careful consideration, we affirm.
 

 I. Background
 

 On 19 May 2008, defendant was indicted on twelve counts of statutory rape of a person who is thirteen, fourteen, or fifteen years old, and
 
 *308
 
 one count of taking indecent liberties with a child. Pursuant to a plea agreement entered on 22 July 2008, defendant pled guilty to one count of statutory rape, and the State dismissed the remaining charges. The trial court found the following two aggravating factors and sentenced defendant to 300 to 369 months' imprisonment: (1) "defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense[;]" and (2) "defendant took advantage of [a] victim whom defendant knew had already been sexually offended upon previously." Upon completion of his sentence, the trial court ordered defendant to enroll in satellite-based monitoring. No transcript is available from the hearing in which the trial court accepted defendant's guilty plea.
 

 On 1 April 2013, defendant filed a
 
 pro se
 
 motion for DNA testing. Defendant asserted,
 
 inter alia,
 
 that four items related to the investigation-hairs, blood, sperm, and DNA swabbings-were not subjected to DNA testing, can now be subjected to newer and more accurate testing, or have a reasonable probability of contradicting prior test results. Defendant claimed that the State Bureau of Investigation (S.B.I.) lab report "explicitly notes that the hair samples were returned 'unanalyzed.' " He maintained that the S.B.I. lab report states that the DNA swabbings taken from defendant "were also 'not analyzed.' " Defendant further stated, "The ability to conduct the requested DNA testing is material to the Defendant's defense because: a. DNA testing should be done to compare DNA from the hairs, blood, and spermatozoa from the victim's underwear to the swabbings (DNA Swabbings) taken from the defendant." He asserted that testing "would be 'material' because if the DNA did not match, then that would have shown that someone else had sex with the alleged victim and not the Defendant." Defendant included an affidavit of innocence and his Department of Corrections account statement evidencing his indigence.
 

 Also on 1 April 2013, defendant filed a motion to locate and preserve evidence and an
 
 ex parte
 
 motion for reduction of sentence. On 5 July 2013, defendant filed a renewed motion for appointment of counsel. The Brunswick County Superior Court held a hearing on 8 October 2013, and the following occurred:
 

 MR. COX: I also-I also have-the reason why I am requesting, here's the S.B.I. report.
 

 *867
 
 THE COURT: Let me see that, please, sir.
 

 MR. COX: Uh,-
 
 *309
 
 THE COURT: I haven't seen that. Don't say anything else.
 

 MR. COX: I'm not; I'm not. I'm requesting counsel.
 

 THE COURT: I understand that. Okay. Madame D.A., I'll let you look at this. It appears that both the items that were sent into the S.B.I.,-
 

 MS. RADFORD: Yes, ma'am.
 

 THE COURT:-Maybe every single one were [sic] analyzed-
 

 MS. RADFORD: Yes, Ma'am.
 

 THE COURT:-And, so, that's the basis of his motion. I'll let you take a look at that. I don't know if you have a certified true copy of that exhibit. If not we will provide a copy; I'll ask Madame Clerk if they can find it from the files to see if a certified one is any different from the one that was submitted and then we will go from there. Alright, thank you, sir.
 

 The S.B.I. report was not included in the record on appeal.
 

 On 7 November 2013, the Brunswick County Superior Court held another hearing. Defendant made two new motions: one was for appropriate relief based on the imposition of aggravating factors, and the second was for DNA testing as well as the appointment of counsel. The court stated,
 

 I denied your motion for appropriate relief on June 6 of 2012. But I also ordered the Appellate Public Defender's Office to take a look at your case to see if it were appropriate [sic] that they, on your behalf, file a Motion for Cert to the North Carolina Supreme Court to see if they would help you petition the Court to rehear anything. And that team of defense attorneys at the Appellate Public Defender's Office denied the request in that they determined, in their professional opinion, that filing a petition of Writ of Certiorari was not appropriate for your case for whatever reason.
 

 Defendant submitted arguments regarding the aggravating factors, and the court stated,
 

 *310
 
 [T]he Court is going to note your request with regard to the motion as to the aggravating factors and the DNA, and respectfully deny the same without further hearing because the Court finds that you have presented no compelling reason before this Court-for this Court to allow you to relitigate an MAR that has been upheld by the Court of Appeals of this state.
 

 Defendant appeals.
 

 II. Analysis
 

 "The defendant may appeal an order denying the defendant's motion for DNA testing under this Article, including by an interlocutory appeal. The court shall appoint counsel in accordance with rules adopted by the Office of Indigent Defense Services upon a finding of indigency." N.C. Gen.Stat. § 15A-270.1 (2013).
 

 The standard of review for a denial of a motion for postconviction DNA testing is analogous to the standard of review for a motion for appropriate relief.
 
 State v. Gardner,
 

 227 N.C.App. 364
 
 , 365,
 
 742 S.E.2d 352
 
 , 354,
 
 review denied,
 

 367 N.C. 252
 
 ,
 
 749 S.E.2d 860
 
 (2013). "Findings of fact are binding on this Court if they are supported by competent evidence and may not be disturbed absent an abuse of discretion. The lower court's conclusions of law are reviewed
 
 de novo.
 
 "
 
 Id.
 
 at 365-66,
 
 742 S.E.2d at 354
 
 . "[T]he defendant has the burden ... of establishing the facts essential to his claim by a preponderance of the evidence."
 
 State v. Collins,
 

 234 N.C.App. 398
 
 , 407,
 
 761 S.E.2d 914
 
 , 920 (2014) (quoting
 
 State v. Hardison,
 

 143 N.C.App. 114
 
 , 120,
 
 545 S.E.2d 233
 
 , 237 (2001) ) (quotations omitted).
 

 "The general rule is that a trial court need only make specific findings of facts and conclusions of law when a party requests the trial court do so in a civil case."
 
 Gardner,
 

 227 N.C.App. at 370
 
 ,
 
 742 S.E.2d at
 
 356 (citing
 
 Couch v. Bradley,
 

 179 N.C.App. 852
 
 , 855,
 
 635 S.E.2d 492
 
 , 494 (2006) ). " N.C. Gen.Stat. § 15A-269 contains no requirement that the trial court make specific findings of facts[.]"
 

 Id.
 

 Defendant's sole argument is that the trial court erred in refusing to appoint counsel because defendant's
 
 pro se
 
 motion for DNA
 

 *868
 
 testing sufficiently alleged indigency and materiality, as required by N.C. Gen.Stat. § 15A-269(c).
 

 The State argues that defendant's motion was properly denied for two reasons. First, "because defendant pled guilty to statutory rape, it was not possible for him to make a threshold showing of materiality
 
 *311
 
 under section 15[A]-269(c) [.]"
 
 [1]
 
 Second, "assuming
 
 arguendo
 
 [ ] defendant could possibly make a showing of materiality notwithstanding his guilty plea, he failed to do so in this instance." The S.B.I. report is not included in the record, the trial judge's comments indicate the listed items in the report were in fact analyzed by the S.B.I., and nothing in the record shows that the biological evidence is available for testing.
 

 N.C. Gen.Stat. § 15A-269(a) provides the following:
 

 (a) A defendant may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing ... if the biological evidence meets all of the following conditions:
 

 (1) Is material to the defendant's defense.
 

 (2) Is related to the investigation or prosecution that resulted in the judgment.
 

 (3) Meets either of the following conditions:
 

 a. It was not DNA tested previously.
 

 b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.
 

 N.C. Gen.Stat. § 15A-269(a) (2013).
 

 The court shall grant the motion for DNA testing if
 

 (1) The conditions set forth in subdivisions (1), (2), and (3) of subsection (a) of this section have been met;
 

 (2) If the DNA testing being requested had been conducted on the evidence, there exists a reasonable probability that the verdict would have been more favorable to the defendant; and
 

 (3) The defendant has signed a sworn affidavit of innocence.
 

 N.C. Gen.Stat. § 15A-269(b) (2013).
 

 *312
 
 Pursuant to subsection (c) of that statute, "the court shall appoint counsel for the person who brings a motion under this section if that person is indigent. If the petitioner has filed pro se, the court shall appoint counsel for the petitioner ... upon a showing that the DNA testing may be material to the petitioner's claim of wrongful conviction." N.C. Gen.Stat. § 15A-269(c) (2013). Thus, to be entitled to counsel, defendant must first establish that (1) he is indigent and (2) DNA testing may be material to his wrongful conviction claim.
 

 Id.
 

 This Court has previously stated that the materiality threshold to appoint counsel under subsection (c) (that the testing "may be material" to his claim) is no less demanding than the materiality threshold to bring a motion under subsection (a)(1) (that the testing "is material" to his claim).
 
 Gardner,
 

 227 N.C.App. at 368
 
 ,
 
 742 S.E.2d at 355
 
 . Defendant's burden to show materiality "requires more than the conclusory statement that '[t]he ability to conduct the requested DNA testing is material to the [d]efendant's defense.' "
 

 Id.
 

 at 369
 
 ,
 
 742 S.E.2d at 356
 
 (quoting
 
 State v. Foster,
 

 222 N.C.App. 199
 
 , 205,
 
 729 S.E.2d 116
 
 , 120 (2012) ).
 

 Here, defendant failed to meet his burden of showing materiality. Thus, defendant failed to establish a condition precedent to the trial court's authority to grant his motion and appoint him counsel. In defendant's motion for DNA testing, he claimed that "there is a very reasonable probability that [the DNA testing] would have shown that the Defendant was not the one who had sex with the alleged victim and, thus, completely contradict the judgment convicting the Defendant for statutory rape." Defendant's
 
 *869
 
 contention, however, is conclusory and incomplete, and he merely restates pertinent parts of the statute. As we have previously stated, "the defendant must provide
 
 specific reasons
 
 that the requested DNA test would be significantly more accurate and probative of the identity of the perpetrator or accomplice or that there is a reasonable probability of contradicting the previous test results."
 
 Collins,
 

 234 N.C.App. at 411-412
 
 ,
 
 761 S.E.2d at 922-23
 
 . Here, defendant failed to assert specific reasons.
 

 Additionally, defendant failed to include the S.B.I. lab report that he claims shows the hair, blood, and sperm found on the victim's underwear were never analyzed. The record does not indicate whether the evidence still exists. After entering a plea of guilty, "evidence shall be preserved for the earlier of three years from the date of conviction or until released." N.C. Gen.Stat. § 15A-268(a6)(3) (2013). Accordingly, defendant cannot show that the DNA testing would be material to his defense. Defendant pleaded guilty knowingly and of his own free will, admitting that he was "in fact guilty" and agreeing "that there are facts to
 
 *313
 
 support [the] plea." Defendant's conclusory statements regarding materiality were insufficient to require the trial court to appoint him counsel or grant his motion.
 

 III. Conclusion
 

 Because defendant failed to make the requisite showing of materiality, the trial court did not err in denying defendant's motion for postconviction DNA testing or in refusing to appoint him counsel.
 

 AFFIRMED.
 

 Judges CALABRIA and ZACHARY concur.
 

 [1]
 

 This Court has previously declined to decide this issue in a number of cases, and we fail to reach it here.