BERGER, Judge.
Luis Alberto Campos Sanchez ("Defendant") appeals from an order denying his motion to locate and preserve evidence, and motion for post-conviction DNA testing. We affirm but remand for the correction of a clerical error.
On August 6, 2012, Defendant was indicted on the charge of second-degree forcible rape. Defendant was represented by counsel in the trial court and entered a plea of no contest to attempted second-degree rape on December 8, 2015. Defendant was sentenced pursuant to a plea agreement to 38 to 106 months in prison.[1] Defendant did not appeal.
On July 12, 2016, Defendant filed a pro se "Motion to Locate and Preserve Evidence[ ] and Motion for Post-Conviction DNA Testing," seeking DNA testing of hair samples, blood samples, saliva samples, and clothing collected pursuant to a search warrant executed by Holly L. Locklear of the Brunswick County Sheriff's Department. Defendant alleged "he never had any physical or sexual contact with the victim and the whole incident arose from pure jealousy," and the DNA testing is material to his defense because it will show that he is not the perpetrator of the crime.
Defendant sought the appointment of counsel to prosecute his motion. The trial court denied the motions by order filed August 24, 2016, after concluding Defendant failed to meet his burden of: (1) showing any evidence resulting from the requested DNA testing would be material to his defense; and (2) "proving by the preponderance of the evidence every fact to support his motion." Defendant filed written notice of appeal on September 2, 2016.
Counsel appointed to represent Defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks this Court to conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.
Defendant filed a pro se "Addendum to Defendant Appellant's Brief" with this Court on March 14, 2017. Defendant argues many of the same points set forth in his original pro se motion. Defendant also raises additional issues that are not properly before this Court on appeal, including that his statement made to law enforcement officers was inadmissible and that he received ineffective assistance from his trial counsel.
In accordance with Anders and Kinch , we have fully examined the record to determine whether any issues of arguable merit appear therein. We have been unable to find any possible prejudicial error. The allegations set forth by Defendant are generalized conclusory statements which are insufficient to prove materiality. See State v. Cox , --- N.C. App. ----, ----, 781 S.E.2d 865, 868-69 (2016). Accordingly, we affirm the trial court's order.
Finally, we note both the original and amended judgments state that Defendant pleaded no contest to "SECOND DEGREE RAPE." Defendant argues this is a clerical error and asks this Court to remand the case to the superior court to correct the judgments. We agree with Defendant that the judgments contain a clerical error in the description of the offense for which he was sentenced as he entered a plea of no contest to attempted second-degree rape. Accordingly, we remand for correction of this clerical error. See State v. Derrick Smith , --- N.C. App. ----, --- S.E.2d ----, COA16-718, 2017 WL 1381807, *4 (2017) (unpublished) (defendant appealed the denial of his motion to suppress and this Court affirmed but remanded for the correction of a clerical error in the judgment); see also State v. Thaddeus Smith , 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." (citation and quotation marks omitted)).
AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR.
Report per Rule 30(e).
Judges ELMORE and DIETZ concur.

Defendant's negotiated sentence falls within the mitigated range for his prior record level and class of offense; however, the trial court's original judgment stated that Defendant received a sentence in the presumptive range. The trial court's original AOC-CR-605 contains a finding that the aggravating factors outweigh the mitigating factors, and states that "an aggravated sentence is justified." The North Carolina Department of Public Safety subsequently notified the court that Defendant's minimum sentence did not fall within the presumptive range, and the court amended its judgment to reflect the imposition of a sentence in the mitigated range, however, an amended AOC-CR-605 was not contained in the record.