DILLON, Judge.
 

 *886
 

 *220
 
 Jeremy Michael Randall ("Defendant") appeals from an order entered by the trial court denying his motion for post-conviction DNA testing.
 

 I. Background
 

 In 2008, Defendant pleaded guilty to twelve counts of first-degree rape and six counts of statutory rape. He was sentenced pursuant to his plea agreement to a minimum of 240 and a maximum of 297 months.
 

 In May 2016, Defendant filed a motion with the trial court,
 
 pro se
 
 , seeking DNA testing of evidence he alleged was collected by law enforcement during their investigation, including vials of blood and saliva, a bag of clothes, and a rape kit. Defendant contended that the evidence he sought to have tested "would prove that [ ] Defendant was NOT the perpetrator of the crimes allegedly committed on or between the years 2006, and 2007, and the requested D.N.A. testing is material to [ ] [D]efendant's exoneration." Defendant also filed a motion for appropriate relief ("MAR"), filed several addendums, and requested an inventory of biological evidence related to the investigation.
 

 The trial court denied Defendant's motions. Defendant has filed a petition for writ of
 
 certiorari
 
 with our Court in the event that he has failed to properly preserve his right of appeal. We hereby grant Defendant's petition as to any potential defect in order to reach the merits of Defendant's appeal.
 

 II. Analysis
 

 On appeal, Defendant contends that the trial court erred by (1) denying his motion for post-conviction DNA testing, and (2) failing to order an inventory of biological evidence. We address each argument in turn.
 

 A. Motion for Post-Conviction DNA Testing
 

 The standard of review for denial of a motion for post-conviction DNA testing is "analogous [to the] standard of review for a denial of a motion for appropriate relief ... because the trial court sits as finder of fact in both circumstances."
 
 State v. Lane
 
 ,
 
 370 N.C. 508
 
 , 517,
 
 809 S.E.2d 568
 
 , 574 (2018). Accordingly, the trial court's findings of fact are "binding on [our] Court if they are supported by competent evidence and may not be disturbed absent an abuse of discretion."
 

 Id.
 

 A trial court's determination of whether defendant's request for postconviction DNA testing is "material" to his defense, as defined in N.C. [Gen. Stat.] § 15A-269(b)(2), is
 
 *887
 
 a conclusion of law, and thus we review
 
 de novo
 
 the trial court's conclusion that defendant failed to show the materiality of his request.
 

 Id.
 

 (emphasis added). Our Supreme Court has recently reiterated that the determination of materiality must be made "
 
 in the context of the entire record
 
 , and hinges upon whether the evidence would have affected the jury's deliberations."
 

 Id.
 

 at 519
 
 ,
 
 809 S.E.2d at 575
 
 (internal citations omitted) (emphasis added).
 

 Pursuant to N.C. Gen. Stat. § 15A-269, a defendant may make a motion before the trial court for the performance of DNA testing if the biological evidence meets a number of requirements, primarily that the biological evidence "[i]s material to the defendant's defense." N.C. Gen. Stat. § 15A-269(a) (2015). According to the plain language of the statute, the defendant has the burden to make the required showing that the biological evidence is material.
 
 State v. Turner
 
 ,
 
 239 N.C. App. 450
 
 , 453,
 
 768 S.E.2d 356
 
 , 358-59 (2015).
 

 Our Supreme Court has defined materiality in a post-conviction DNA context as follows: "If the DNA testing being requested had been conducted on the evidence, there exists a reasonable probability that the verdict would have been more favorable to the defendant."
 
 State v. Lane
 
 ,
 
 370 N.C. 508
 
 , 518,
 
 809 S.E.2d 568
 
 , 575 (2018). That is, materiality of evidence in the context of post-conviction DNA testing is different and more narrow than materiality of evidence in the context of a trial. Whereas evidence is deemed material at trial if it merely has a significant relationship to something relevant to the case, evidence is material in a post-conviction DNA setting only if there is a reasonable probability that its existence would have resulted in a different outcome.
 

 *221
 
 In the present matter, Defendant pleaded guilty. We acknowledge the inherent difficulty in establishing the materiality required by N.C. Gen. Stat. § 15A-269 for a defendant who pleaded guilty: a defendant must show that there is a reasonable probability that DNA testing would have produced a different outcome; for example, that Defendant would not have pleaded guilty
 
 and otherwise would not have been found guilty
 
 . However, we do not believe that the statute was intended to completely forestall the filing of a such a motion where a defendant did, in fact, enter a plea of guilty. The trial court is obligated to consider the facts surrounding a defendant's decision to plead guilty in addition to other evidence, in the context of the entire record of the case, in order to determine whether the evidence is "material."
 
 See
 

 Lane
 
 ,
 
 370 N.C. at 522
 
 ,
 
 809 S.E.2d at 577
 
 (concluding that "[w]here ample evidence, including
 
 *888
 
 eyewitness testimony and defendant's own admission to law enforcement, supported a finding of defendant's guilt, defendant's motion for post-conviction DNA testing did not allege a 'reasonable probability that the verdict would have been more favorable to the defendant' ").
 

 We note that the trial court's order clearly indicates its consideration of the circumstances surrounding Defendant's guilty plea. The trial court found, in relevant part, as follows:
 

 1. The Defendant ... pled guilty according to a plea arrangement and in doing so he swore under oath that he was in fact guilty, that he was satisfied with his lawyer's legal services, that the plea was freely, understandingly and voluntarily made. The Court having heard the sworn statements of counsel found that the plea was freely, understandingly and voluntarily made;
 

 2. .... Defendant failed to allege specific facts showing materiality as required under N.C. Gen. Stat. § 15A-269 and the Defendant made only conclusory statements that the evidence is material. His statements are insufficient to compel relief sought. ...
 

 ....
 

 4. There is no credible evidence that the Defendant was denied effective assistance of counsel at the time he entered his plea of guilty or that the documents he claim[s] would assert his innocence would have been beneficial to the Defendant had the case proceeded to trial in that his victim at the time of his conviction was 14 years old and still a minor.
 

 Our Court has held that a defendant's burden to show materiality "requires more than the conclusory statement that the ability to conduct the requested DNA testing is material to the defendant's defense."
 
 State v. Cox
 
 ,
 
 245 N.C. App. 307
 
 , 312,
 
 781 S.E.2d 865
 
 , 868 (2016) (internal marks and citation omitted). Defendant's assertions in his motion that his DNA would not be found "in the rape kit collected by [the hospital]" essentially amounts to a statement that testing would show that he was not the perpetrator of the crime. In
 
 Cox
 
 , we concluded that the defendant's statement that "there is a very reasonable probability that [the DNA testing] would have shown that the Defendant was not the one who had sex with the alleged victim" was insufficient to establish materiality.
 

 Id.
 

 ;
 
 see also
 

 *889
 

 State v. Foster
 
 ,
 
 222 N.C. App. 199
 
 , 205,
 
 729 S.E.2d 116
 
 , 120 (2012) (holding that the following statement was insufficient to meet the requirements of the statute: "the ability to conduct the requested DNA testing is material to the Defendant's defense").
 

 We conclude that Defendant has failed to show that DNA testing would have been material to his defense. Specifically, here, it appears from the record that Defendant was convicted of multiple counts of statutory rape for encounters he had with a single victim which took place over many months; that Defendant confessed to the crimes; and that the victim reported that Defendant had sexually abused her. In his motion, Defendant requested that that DNA testing be performed on certain items-including clothing, bodily fluids, strands of hair, and a rape kit-recovered from the victim over a month
 
 after
 
 Defendant's last alleged contact with the victim. He argues that testing would have shown that his DNA was not present on any of those items. The lack of DNA on those items, recovered well after the alleged crimes
 
 *222
 
 took place, would not conclusively prove that Defendant was
 
 not
 
 involved in a sexual "relationship" with the minor victim over a period of several months.
 
 See
 

 State v. Brown
 
 ,
 
 170 N.C. App. 601
 
 , 609,
 
 613 S.E.2d 284
 
 , 288 (2005),
 
 superseded by statute on other grounds,
 

 State v. Norman
 
 ,
 
 202 N.C. App. 329
 
 , 332-33,
 
 688 S.E.2d 512
 
 , 515 (2010) (noting that the statute does not authorize testing to establish a
 
 lack
 
 of biological material). In addition, the Buncombe County Sheriff's Office indicated that the only relevant evidence it had-or ever had-was a Dell computer, which officers searched for child pornography with Defendant's consent in 2008.
 

 Given this evidence, we agree with the trial court that Defendant failed to show that there was biological evidence related to his case which would be "material to [his] defense." N.C. Gen. Stat. § 15A-269(a)(1) ;
 
 see also
 

 State v. Floyd
 
 ,
 
 237 N.C. App. 300
 
 , 303,
 
 765 S.E.2d 74
 
 , 77 (2014) ("Defendant failed to show how DNA testing would produce 'material' evidence; that is, he failed to show how such testing would produce evidence sufficient to create a reasonable probability of a different result, given the evidence already in the trial record."). In conclusion, "[w]hile the results from DNA testing
 
 might
 
 be considered 'relevant,' had they been offered at trial, they are not 'material' in this postconviction setting."
 
 State v. Floyd
 
 ,
 
 237 N.C. App. 300
 
 , 302,
 
 765 S.E.2d 74
 
 , 76 (2014). Accordingly, we affirm the trial court's denial of Defendant's motion for post-conviction DNA testing.
 

 B. Request for Inventory of DNA Evidence
 

 Defendant also argues that the trial court erred in failing to order an inventory of biological evidence pursuant to N.C. Gen. Stat. § 15A-268.
 

 *890
 
 This section requires the preservation of "any physical evidence, regardless of the date of collection, that is reasonably likely to contain any biological evidence collected in the course of a criminal investigation or prosecution." N.C. Gen. Stat. § 15A-268(a1) (2015).
 

 We note that Defendant's motion for post-conviction DNA testing "triggered a requirement to inventory the biological evidence pertaining to that case and provide the inventory list ... to the prosecution, the petitioner, and the court."
 
 State v. Doisey
 
 ,
 
 240 N.C. App. 441
 
 , 445,
 
 770 S.E.2d 177
 
 , 180 (2015) (internal marks omitted). In his motion, Defendant requested that the trial court require "custodial
 
 law enforcement
 
 agency/agencies to inventory the biological evidence relating to this case[.]" (Emphasis added). In response, the State contacted the Buncombe County Sheriff's Department, which indicated that the only piece of evidence it had which was relevant to Defendant's case was the Dell computer.
 

 A defendant can also request an inventory of biological evidence relevant to the defendant's case from a "custodial agency" under N.C. Gen. Stat. § 15A-268(a7) by making a
 
 written request
 
 . N.C. Gen. Stat. § 15A-268(a7). Defendant contends that he also requested an inventory from a hospital and from DSS, whom he alleged had the clothing, hair and blood samples, etc.; however, there is no evidence of these requests in the record. Without evidence that Defendant made proper requests pursuant to N.C. Gen. Stat. § 15A-268(a7), and without any indication that the trial court considered the issue below, "there is no ruling under [S]ection 15A-268(a7) for [our] Court to review."
 
 Doisey
 
 ,
 
 240 N.C. App. at 448
 
 ,
 
 770 S.E.2d at 182
 
 . Accordingly, we agree with the State that consideration of Defendant's argument under Section 15A-268(a7) is not properly before our Court and should be dismissed.
 
 See
 
 id.
 

 AFFIRMED IN PART, DISMISSED IN PART.
 

 Judges CALABRIA and TYSON concur.