HUNTER, JR., Robert N., Judge.
 

 *717
 
 Anthony Marcellious Tilghman ("Defendant") appeals from an order denying his
 
 pro se
 
 motion for postconviction DNA testing and to locate and preserve evidence. Defendant contends the trial court erred by: (1) denying his motion for DNA testing prior to ordering and receiving an inventory of all physical and biological evidence; and (2) denying his motion because he sufficiently established his entitlement to appointment of counsel. We dismiss in part and affirm in part.
 

 I. Factual and Procedural History
 

 On 8 September 2014, in accordance with a plea agreement, Defendant pled guilty to five counts of robbery with a dangerous weapon and four counts of second degree kidnapping. The trial court consolidated the charges and sentenced Defendant to two consecutive terms of 72 to 99 months imprisonment. Defendant did not appeal from his guilty pleas.
 

 Three years later, on 13 March 2017, Defendant filed a motion for appropriate relief ("MAR"). On 14 March 2017, Defendant filed a
 
 pro se
 
 "Motion to Locate and Preserve Evidence" and "Motion for Post-Conviction DNA Testing" in Cabarrus County Superior Court. Defendant listed eighteen pieces of physical and biological evidence he desired to be tested and requested the court appoint him legal counsel to assist him in prosecuting the motions.
 

 On 2 June 2017, the trial court entered an order denying both of Defendant's motions.
 
 [1]
 
 The court found "Judge Kevin M. Bridges entered
 
 *718
 
 an order disposing of the evidence." The court also found "Defendant's Motion is frivolous and no hearing is necessary. The Defendant's Motion fails to set forth any credible basis in law or fact to support his requests." Defendant timely filed written notice
 
 *256
 
 of appeal on 14 June 2017. After settlement of the record and the filing of briefs, Defendant filed a petition for writ of
 
 certiorari
 
 on 19 March 2018.
 

 II. Jurisdiction
 

 N.C. Gen Stat. § 15A-270.1 allows a defendant to "appeal an order denying the defendant's motion for DNA testing...." N.C. Gen. Stat. § 15A-270.1 (2017).
 
 See also
 

 State v. Doisey
 
 ,
 
 240 N.C. App. 441
 
 , 445-46,
 
 770 S.E.2d 177
 
 , 180 (2015). Our case law allows a defendant to appeal a denial of the appointment of counsel supplemental to this DNA motion.
 
 See
 

 State v. Gardner
 
 ,
 
 227 N.C. App. 364
 
 , 366,
 
 742 S.E.2d 352
 
 , 354 (2013). Thus, this Court has jurisdiction over Defendant's arguments regarding his written request for DNA testing and appointment of counsel. As for Defendant's appellate arguments regarding alleged failures to inventory evidence, we, in our discretion, grant Defendant's petition for writ of
 
 certiorari
 
 should his notice of appeal be imperfect. N.C. R. App. P. 21 (2017).
 

 III. Standard of Review
 

 Our standard of review of a trial court's denial of a motion for postconviction DNA testing is "analogous to the standard of review for a motion for appropriate relief."
 
 Gardner
 
 ,
 
 227 N.C. App. at 365
 
 ,
 
 742 S.E.2d at 354
 
 (citation omitted). Findings of fact are binding on appeal if they are supported by competent evidence, and we review conclusions of law
 
 de novo
 
 .
 
 State v. Turner
 
 ,
 
 239 N.C. App. 450
 
 , 452,
 
 768 S.E.2d 356
 
 , 358 (2015) (citation omitted). We also review whether the trial court complied with a statutory mandate, which is a question of law,
 
 de novo
 
 .
 
 State v. Mackey
 
 ,
 
 209 N.C. App. 116
 
 , 120,
 
 708 S.E.2d 719
 
 , 721 (2011) (citation omitted).
 

 IV. Analysis
 

 Defendant's appellate argument is two-fold: (1) the trial court erred by denying his motion for DNA testing because he was entitled to appointment of counsel; and (2) the trial court erred by denying his motion to DNA testing prior to obtaining an inventory of evidence.
 

 A. Entitlement to Appointment of Counsel
 

 Defendant argues the court erred in denying his motion because N.C. Gen. Stat. § 15A-269 entitles him to appointment of counsel.
 

 *719
 
 N.C. Gen. Stat. § 15A-269 states:
 

 the court shall appoint counsel for the person who brings a motion under this section if that person is indigent. If the petitioner has filed pro se, the court shall appoint counsel for the petitioner in accordance with the rules adopted by the Office of Indigent Defense Services
 
 upon a showing that the DNA testing may be material to the petitioner's claim of wrongful conviction.
 

 N.C. Gen. Stat. § 15A-269(c) (2017) (emphasis added).
 

 Our case law places the burden of proof to show materiality on the moving party. To meet this burden, a moving defendant must allege "more than the conclusory statement that the ability to conduct the requested DNA testing is material to the defendant's defense."
 
 Gardner
 
 ,
 
 227 N.C. App. at 369
 
 ,
 
 742 S.E.2d at 356
 
 (quotation marks and alterations omitted) (citing
 
 State v. Foster,
 

 222 N.C. App. 199
 
 , 205,
 
 729 S.E.2d 116
 
 , 120 (2012) ). Merely asserting conclusory statements that DNA testing could be material to the defense and, if tested, would exonerate defendant are insufficient meet this burden.
 
 See
 

 Turner
 
 ,
 
 239 N.C. App. at 455-56
 
 ,
 
 768 S.E.2d at 359
 
 (holding defendant's assertion "[t]he ability to conduct the requested DNA testing is material to [his] defense" was conclusory and, therefore, insufficient to establish materiality under the statute);
 
 Gardner
 
 ,
 
 227 N.C. App. at 369-70
 
 ,
 
 742 S.E.2d at 356
 
 (holding a defendant who pled guilty to fifteen counts of statutory rape failed to meet his burden of materiality when he used a standardized form which provided no space to include an explanation of materiality for DNA testing).
 

 In this case, Defendant entered a guilty plea and did not present any defense to the trial court. Recently, our Court acknowledged a guilty plea increases a defendant's burden to show materiality.
 
 See
 

 *257
 

 State v. Randall
 
 , --- N.C. App. ----, ----,
 
 817 S.E.2d 219
 
 , 221 (2018) (acknowledging "the inherent difficulty in establishing the materiality required by N.C. Gen. Stat. § 15A-269 for a defendant who pleaded guilty[.]"). However, the Court stated it did "not believe that the statute was intended to completely forestall the filing of such a motion where a defendant did, in fact, enter a plea of guilty."
 

 Id.
 

 at ----,
 
 817 S.E.2d at 221
 
 . "The trial court is obligated to consider the facts surrounding a defendant's decision to plead guilty in addition to other evidence, in the context of the entire record of the case, in order to determine whether the evidence is 'material.' "
 

 Id.
 

 at ----,
 
 817 S.E.2d at 221
 
 (citation omitted).
 
 *720
 
 Defendant's statements of materiality are indistinguishable from
 
 Gardner
 
 and
 
 Turner
 
 . Defendant asserted in his motion for DNA testing the "evidences need to be tested and preserved for the purpose of DNA testing where the results would prove that the Defendant was NOT the perpetrator of the crimes allegedly committed[.]" Defendant further argued he was intoxicated and under the influence of drugs, he never participated in the crime, and he was coerced to take the plea deal and "the DNA results would prove it." Additionally, Defendant maintains the items listed "[w]ere not subject to DNA testing, and today's technology would allow the testing of DNA provide results that are significantly more accurate and probati[ve] of the identity of the perpetrator in which, will exonerate Defend[a]nt."
 

 Defendant asserts these statements taken together meet his evidentiary burden and are not merely conclusory statements. We conclude otherwise and hold the aggregation of Defendant's conclusory statements communicates the same conclusory effect.
 
 See
 

 State v. Collins
 
 ,
 
 234 N.C. App. 398
 
 , 411-12,
 
 761 S.E.2d 914
 
 , 922-23 (2014) (holding defendant's statements, in both his
 
 pro se
 
 motion and amended affidavit, concerning "DNA [e]xperts," a "new technique known as 'Touch DNA[,]' " and the ability to subject items to "newer and more accurate testing which would provide results that are significantly more accurate and probative" were each conclusory on their own merit, and, thus, defendant failed to meet the materiality burden under the statute).
 

 Defendant's assertions are incomplete. He provided no information suggesting how new testing is different and more accurate. "Without more specific detail from Defendant, or some other evidence, the trial court [cannot] adequately determine whether additional testing would be significantly more accurate and probative[.]"
 
 Id.
 
 at 412,
 
 761 S.E.2d at 923
 
 . Accordingly, and in light of Defendant's guilty plea, we hold Defendant failed to meet his burden of showing materiality under N.C. Gen. Stat. § 15A-269(c).
 
 [2]
 
 We
 
 *258
 
 affirm this portion of the trial court's order denying Defendant's motion.
 
 *721
 

 B. Denial of Defendant's Motion Prior to an Inventory of Evidence
 

 Defendant argues the trial court erred in "summarily denying his motion" for a complete inventory of all physical and biological evidence relating to his case. Defendant asks this Court to remand the matter to the trial court who would, in turn, reconsider Defendant's motion "in light of that inventory[.]" Defendant requested an inventory of evidence pursuant to N.C. Gen. Stat. § 15A-268 (2017) and N.C. Gen. Stat. § 15A-269, and we address each statute in turn.
 

 1. Inventory of Evidence Pursuant to N.C. Gen. Stat. § 15A-268
 

 N.C. Gen. Stat. § 15A-268 states:
 

 (a1) Notwithstanding any other provision of law and subject to subsection (b) of this section, a custodial agency shall preserve any physical evidence, regardless of the date of collection, that is reasonably likely to contain any biological evidence collected in the course of a criminal investigation or prosecution.
 

 *722
 
 ...
 

 (a7) Upon
 
 written request by the defendant
 
 , the custodial agency
 
 shall
 
 prepare an inventory of biological evidence relevant to the defendant's case that is in the custodial agency's custody. If the evidence was destroyed through court order or other written directive, the custodial agency shall provide the defendant with a copy of the court order or written directive.
 

 N.C. Gen. Stat. § 15A-268(a1), (a7) (2017) (emphases added).
 

 Under the plain language of the statute, custodial agencies are obligated to make an inventory of the biological evidence
 
 [3]
 
 when a defendant makes a "written request." N.C. Gen. Stat. § 15A-268(a7). However, a request for location and preservation of evidence is not a request for an inventory of evidence.
 
 Doisey
 
 ,
 
 240 N.C. App. at 447-48
 
 ,
 
 770 S.E.2d at 181-82
 
 . Where a defendant does "not make any written request for an inventory ... it follows that the trial court did not consider or rule on such a request."
 
 Id.
 
 at 448,
 
 770 S.E.2d at 182
 
 . Accordingly, there is no ruling for this Court to review.
 
 Id.
 
 at 448,
 
 770 S.E.2d at 182
 
 .
 

 Here, Defendant's motion was not for an
 
 inventory
 
 of evidence. He titled his motion as a "Motion to Locate and Preserve Evidence[.]" (All capitalized in original). He requested an order "to Locate and Preserve any and all physical and biological evidence" and for DNA testing of the evidence. Thus, the trial court did not err in denying Defendant's motion for postconviction DNA testing prior to obtaining an inventory of biological evidence which Defendant never requested, and we must dismiss this argument.
 
 See
 

 id.
 
 at 447-48,
 
 770 S.E.2d at 181-82
 
 .
 

 Assuming
 
 arguendo
 
 Defendant properly requested an inventory of biological evidence, case law would bind us to dismiss this argument.
 
 [4]
 
 Our Court recently addressed
 
 *259
 
 this issue in
 
 State v. Randall
 
 . In
 
 Randall
 
 , defendant requested "that the trial court require 'custodial law enforcement agency/agencies to inventory the biological evidence relating to his case.' "
 

 Id.
 

 at ----,
 
 817 S.E.2d at 222
 
 (emphasis and
 
 *723
 
 alterations omitted). Although defendant asserted he requested an inventory from agencies, the record did not contain "evidence of these requests[.]"
 

 Id.
 

 at ----,
 
 817 S.E.2d at 222
 
 . Our Court held "[w]ithout evidence that [d]efendant made proper requests ... and without any indication that the trial court considered the issue below" there was no ruling for this Court to review.
 

 Id.
 

 at ----,
 
 817 S.E.2d at 222
 
 (citation omitted). Accordingly, we dismissed defendant's argument. Here, similar to defendant in
 
 Randall
 
 , the record is devoid of evidence Defendant made proper requests, and we would still dismiss this issue.
 

 2. Inventory of Evidence Pursuant to N.C. Gen. Stat. § 15A-269
 

 N.C. Gen. Stat. § 15A-269 states:
 

 (f) Upon receipt of a motion for postconviction DNA testing, the custodial agency shall inventory the evidence pertaining to that case and provide the inventory list, as well as any documents, notes, logs, or reports relating to the items of physical evidence, to the prosecution, the petitioner, and the court.
 

 N.C. Gen. Stat. § 15A-269(f). Unlike N.C. Gen. Stat. § 15A-268, a defendant need not make a request for an inventory of physical evidence.
 
 Doisey
 
 ,
 
 240 N.C. App. at 445
 
 ,
 
 770 S.E.2d at 180
 
 (citation omitted). Instead, the custodial agency's obligation to inventory evidence is triggered "[u]pon receipt of a motion for postconviction DNA testing[.]" N.C. Gen. Stat. § 15A-269(f).
 
 See
 

 Doisey
 
 ,
 
 240 N.C. App. at 445
 
 ,
 
 770 S.E.2d at 180
 
 . The statute is silent as to whether a defendant or the trial court bears the burden of serving the motion for inventory on the custodial agency.
 

 Here, the record lacks proof either Defendant or the trial court served the custodial agency with the motion for inventory. Assuming
 
 arguendo
 
 it is the trial court's burden to serve the custodial agency with the motion, any error by the court below is harmless error. As held
 
 supra
 
 , Defendant failed to meet his burden of showing materiality. Accordingly, the trial did not err by denying his motion for DNA testing prior to an inventory under N.C. Gen. Stat. § 15A-269(f).
 

 V. Conclusion
 

 For the foregoing reasons, we dismiss part of Defendant's appeal and affirm the trial court's order.
 

 DISMISSED IN PART; AFFIRMED IN PART.
 

 Judges ELMORE and ZACHARY concur.
 

 [1]
 

 The trial court labeled Defendant's motions as one motion; however, the order addresses both of Defendant's motions.
 

 [2]
 

 The trial court's order is devoid of an explicit mention of materiality. Defendant did not bring forth any appellate argument regarding the lack of specific findings or conclusions of law addressing N.C. Gen. Stat. § 15A-269. It is not the role of this Court to make arguments for appellants.
 
 Viar v. N.C. Dep't of Transp.
 
 ,
 
 359 N.C. 400
 
 , 402,
 
 610 S.E.2d 360
 
 , 361 (2005) ("It is not the role of the appellate courts ... to create an appeal for an appellant."). Nonetheless, we address this issue, as it may have frustrated our appellate review.
 

 In
 
 Gardner
 
 , our Court did not require specific findings of fact or conclusions of law in the trial court's order denying defendant's motion for postconviction DNA testing. Our Court concluded the trial court's order was sufficient based on the following: (1) the court's statement it reviewed the allegations in defendant's motion; (2) the court citing N.C. Gen. Stat. § 15A-269(b) ; (3) other findings; and (4) the court's conclusion defendant failed to show the existence of any grounds for relief.
 
 227 N.C. App. at 370
 
 ,
 
 742 S.E.2d at 356-57
 
 . In an unpublished decision, our Court extended the rule in
 
 Gardner
 
 .
 
 State v. Cade
 
 , No. COA14-785,
 
 239 N.C.App. 467
 
 ,
 
 2015 WL 661171
 
 , at *2 (unpublished) (N.C. Ct. App. Feb. 17, 2015) (citation omitted). There, the order did not cite to N.C. Gen. Stat. § 15A-269.
 
 2015 WL 661171
 
 , at *2. However, the order included a statement the trial court reviewed the motion, files, and applicable law.
 
 2015 WL 661171
 
 , at *2. The trial court concluded there was no basis in law or fact for the motions, Defendant did not establish a viable claim, and there was no merit to the motion.
 
 2015 WL 661171
 
 , at *2. Our Court held the trial court did not err by failing to include more specific findings of fact or conclusions of law.
 
 2015 WL 661171
 
 , at *2. Moreover, in
 
 State v. Cox
 
 , our Court reviewed a trial court's oral denial of defendant's motion for preservation and inventory of evidence and postconviction DNA testing.
 
 245 N.C. App. 307
 
 ,
 
 781 S.E.2d 865
 
 (2016). Here, the trial court stated it "carefully" reviewed Defendant's motion, the clerk's file, and applicable law. Additionally, the court found, as stated
 
 supra
 
 , "Defendant's Motion is frivolous[.]" Accordingly, even without a specific finding or conclusion of materiality, though it would be helpful to our appellate review, the lack thereof did not frustrate review.
 

 Our appellate review, without remand, does not run afoul of our Court's recent decision,
 
 State v. Shaw
 
 , --- N.C. App. ----,
 
 816 S.E.2d 248
 
 (2018). In
 
 Shaw
 
 , the trial court reviewed defendant's motion for postconviction DNA testing as a motion for appropriate relief.
 

 Id.
 

 at ----,
 
 816 S.E.2d at 249-50
 
 . Because defendant failed to meet the requirements for a motion for appropriate relief, the court denied his motion.
 

 Id.
 

 at ----,
 
 816 S.E.2d at 249-50
 
 . Because the court denied on grounds for motions of appropriate relief and did not address section 15A-269, our Court could not "determine whether defendant's motion for post-conviction DNA testing was properly denied."
 

 Id.
 

 at ----,
 
 816 S.E.2d at 251
 
 . Consequently, we vacated the order and remanded for review "consistent with the provisions of N.C. Gen. Stat. § 15A-269."
 

 Id.
 

 at ----,
 
 816 S.E.2d at 251
 
 .
 

 [3]
 

 N.C. Gen. Stat. § 15A-268 defines "biological evidence" as,
 
 inter alia
 
 , "any item that contains blood, semen, hair, saliva, skin tissue, fingerprints, or other identifiable human biological material...." N.C. Gen. Stat. § 15A-268(a) (2017).
 

 [4]
 

 In his motion, Defendant notes N.C. Gen. Stat. § 15A-268(a7) requires law enforcement to prepare an inventory of biological evidence. In his brief, Defendant asserts he was "independently entitled to an inventory of all biological evidence under § 15A-268(a7) because he specifically cited this provision in his motion requesting an inventory."