STATE OF NORTH CAROLINA v. CHARLES THOMAS MILLER

No. COA09-927

(Filed 20 July 2010)

**Appeal and Error— jurisdiction of appellate court—denial of motion to suppress evidence—appeal from judgment required**

The Court of Appeals did not have jurisdiction to hear defendant's appeal from the denial of his motion to dismiss evidence seized after a search, which was followed by a guilty plea, where defendant gave written notice of his intent to appeal the denial of his motion but did not appeal from his judgment of conviction. Defendant preserved his right to appeal, but did not appeal from the final judgment as required by statute.

Appeal by Defendant from order entered 5 March 2009 by Judge C. Phillip Ginn in Superior Court, Buncombe County. Heard in the Court of Appeals 23 February 2010.

*Attorney General Roy Cooper, by Assistant Attorney General J. Aldean Webster III, for the State.*

*Irving Joyner for Defendant-Appellant.*

McGEE, Judge.

Charles Thomas Miller (Defendant) was indicted on 1 December 2008 for possession of cocaine with the intent to sell or deliver.

Defendant filed a pre-trial motion to suppress all evidence obtained after an allegedly illegal search and seizure. A suppression hearing was held on 3 March 2009 and the trial court denied Defendant's motion to suppress in an order signed 3 March 2009 and filed 5 March 2009. Defendant gave written notice of his intent to appeal the denial of his motion to suppress. Defendant then entered a guilty plea to a charge of possession of cocaine with the intent to distribute. Defendant did not give oral notice of appeal in open court at the time of his guilty plea. Defendant did file on 5 March 2009 a written notice of appeal "from the denial of Defendant's motion to suppress," but Defendant did not appeal from his judgment of conviction.

N.C. Gen. Stat. § 15A-979(b) (2009) states that: "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." Defendant has failed to appeal from the judgment of conviction and our Court does not have jurisdiction to consider Defendant's appeal. *State v. Taylor*, —— N.C. App. ——, ——, S.E.2d ——, ——, 2010 WL 1960851 (2010) (unpublished opinion) (dismissing appeal where the defendant preserved his right to appeal from denial of his motion to suppress but did not appeal from his judgment of conviction, holding "[a]s defendant has only appealed from the denial of his motion to suppress, and not from his final judgment, we have no jurisdiction to hear this appeal."); *accord State v. Turner*, 305 N.C. 356, 289 S.E.2d 368 (1982); and *State v. Tate*, 300 N.C. 180, 265 S.E.2d 223 (1980). "In North Carolina, a defendant's right to pursue an appeal from a criminal conviction is a creation of state statute." *State v. McBride*, 120 N.C. App. 623, 624, 463 S.E.2d 403, 404 (1995); *see* N.C. Gen. Stat. § 15A-1444 (2009). "Notice of *intent* to appeal prior to plea bargain finalization is a rule designed to promote a 'fair posture for appeal from a guilty plea.' Notice of Appeal is a procedural appellate rule, required in order to give 'this Court jurisdiction to hear and decide a case.' " *McBride*, 120 N.C. App. at 625, 463 S.E.2d at 405 (internal citations omitted) (emphasis in original); *see also State v. Brown*, 142 N.C. App. 491, 543 S.E.2d 192 (2001). Although Defendant preserved his right to appeal by filing his written notice of intent to appeal from the denial of his motion to suppress, he failed to appeal from his final judgment, as required by N.C.G.S. § 15A-979(b). "The two forms of notice serve different functions, and performance of one does not substitute for completion of the other." *McBride*, 120 N.C. App. at 626, 463 S.E.2d at 405.

**STATE v. MILLER**

[205 N.C. App. 724 (2010)]

Our Court therefore does not have jurisdiction to hear Defendant's appeal, and his appeal must be dismissed.

Dismissed.

Judges GEER and ERVIN concur.