BRYANT, Judge.
Where the probationary period ordered by the trial court is in violation of the statutory mandate, we remand. But where defendant fails to bring forth arguments in support of any other issues on appeal, we leave undisturbed the trial court's suppression order and the remaining judgments of conviction.
On 8 August 2011, defendant was charged by bills of indictment with the following offenses: two counts of trafficking in marijuana; conspiracy to traffic in marijuana; possession of marijuana with intent to manufacture, sell, or deliver; felony possession of marijuana; manufacturing marijuana; maintaining a dwelling place to keep or sell a controlled substance; possession of drug paraphernalia; and misdemeanor interfering with a utility meter.
On 9 October 2013, defendant filed motions to suppress evidence and statements he made to law enforcement. The trial court denied defendant's motions following a hearing on 18 and 19 November 2013, and entered a corresponding written order on 20 March 2014.
Following the denial of his motion to suppress, defendant entered a plea of no contest to two counts of trafficking in marijuana and one count of manufacturing marijuana. Defendant's plea was entered pursuant to a plea arrangement, under the terms of which defendant expressly reserved the right to appeal the trial court's denial of his motions to suppress. The trial court sentenced defendant to two consecutive active terms of thirty-five to forty-two months for the trafficking convictions. As to the manufacturing marijuana conviction, the trial court imposed a community sentence of six to eight months, suspended, with thirty-six months of supervised probation. The court ordered the period of probation to begin at the expiration of defendant's active sentences.
Following the sentencing pronouncement, the trial court stated, "Madam Clerk, the Defendant has given Notice of Appeal on the Court's decision on his Motions to Suppress which were denied." Defendant concedes that although the trial court made this statement, counsel never explicitly entered notice of appeal from the judgments or the suppression order. Nor did counsel subsequently enter written notice of appeal. Because defendant failed to give notice of appeal from the judgments of conviction, this Court lacks jurisdiction to hear defendant's appeal. See N.C. Gen. Stat. § 15A-979(b) (2015) ("An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty."); State v. Miller , 205 N.C. App. 724, 725, 696 S.E.2d 542, 542 (2010) ("Defendant has failed to appeal from the judgment of conviction and our Court does not have jurisdiction to consider Defendant's appeal." (citations omitted)).
Defendant, however, has filed two petitions for writs of certiorari with this Court seeking a belated appeal. In his first petition, defendant argues that issuance of the writ is appropriate because the record reflects his intent to appeal the denial of his motion to suppress. Defendant also suggests that the trial court's statement may have convinced trial counsel that no further action was needed. In his second petition, defendant argues that the writ is appropriate because the trial court failed to comply with N.C. Gen. Stat. § 15A-1343.2(d)(3) in imposing sentence. In the interest of justice, we hereby allow defendant's petitions.
_________________________
Defendant argues, and the State concedes, that the trial court erred by ordering defendant to serve thirty-six months of supervised probation as a felony community punishment without making findings required by N.C. Gen. Stat. § 15A-1343.2(d)(3) (2011). For the following reasons, we agree.
Defendant entered a plea of no contest to felony manufacturing marijuana, a Class I felony, and the trial court found that defendant had a prior record level of I. Pursuant to the sentencing grid in effect at the date of offense (28 June 2011), the trial court was required to sentence defendant to a community punishment. See N.C. Gen. Stat. § 15A-1340.17(c) (2011). The trial court properly sentenced defendant to a community punishment within the presumptive range for his class of offense and prior record level. Nonetheless, the trial court erred in ordering a probationary period of thirty-six months. The pertinent statutory authority provides as follows:
(d) Lengths of Probation Terms Under Structured Sentencing. -Unless the court makes specific findings that longer or shorter periods of probation are necessary , the length of the original period of probation for offenders sentenced under Article 81B shall be as follows:
....
(3) For felons sentenced to community punishment, not less than 12 nor more than 30 months[.]
N.C. Gen. Stat. § 15A-1343.2(d)(3).
Here, the trial court ordered defendant to a probationary term which was longer than thirty months, but it failed to make any specific findings that a longer period of probation was necessary. Thus, the probationary period ordered by the trial court is in violation of the statutory mandate. Accordingly, we remand the case for the trial court to either impose a probationary period authorized by N.C. Gen. Stat. § 15A-1343.2(d)(3) or to make findings that a longer probationary period is necessary. See State v. Mucci , 163 N.C. App. 615, 624-25, 594 S.E.2d 411, 418 (2004).
Notwithstanding his petition for writ of certiorari, defendant has not brought forth any argument related to the trial court's denial of his motion to suppress, nor related to any remaining judgments of conviction. Defendant has therefore waived our review of any such issues. Accordingly, the trial court's suppression order and the remaining judgments of conviction remain undisturbed.
REMANDED IN PART.
Report per Rule 30(e).
Judges DAVIS and ZACHARY concur.