ZACHARY, Judge.
 

 *703
 
 Defendant Wade Leon Shaw appeals from the trial court's order denying his "Request for Post Conviction DNA Testing and Discovery" pursuant to N.C. Gen. Stat. § 15A-269. We vacate and remand.
 

 *704
 

 Background
 

 In June 2011, defendant was indicted for second-degree burglary, first-degree kidnapping, assault by strangulation, first-degree rape, first-degree sexual offense, and attaining habitual felon status. The matter was tried before a jury beginning on 30 January 2012.
 

 The evidence presented at defendant's trial included, among other things, testimony by the State's expert in forensic DNA analysis concerning the DNA evidence that was recovered from the victim. The DNA analyst concluded that defendant's DNA "cannot be excluded as a contributor to the DNA mixture" that was recovered, and that "the chance of selecting an individual at random that would be expected to be included for the observed DNA mixture profile" was approximately, "for the North Carolina black population, 1 in 14.5 million[.]" Defendant was convicted on all charges, and this Court affirmed defendant's convictions in May 2013.
 

 On 22 October 2015, defendant filed a
 
 pro se
 
 motion with the trial court entitled "Request for Post Conviction DNA Testing and Discovery N.C. Gen. Stat. § 15A-269, § 15A-902." This motion simply paraphrased the applicable statute, stating only that defendant was moving for post-conviction DNA testing "because the evidence is material to [his] defense, is related to the investigation or prosecution ..., and it was previously tested and the requested DNA retesting would provide results that are significantly more accurate and probative, having a reasonable probability of contradicting prior test results." Defendant also provided a sworn affidavit maintaining his innocence.
 

 Although defendant moved for post-conviction DNA testing pursuant to N.C. Gen. Stat. § 15A-269, the trial court decided that "the caption of Defendant's Motion notwithstanding, this Court will review it as a Motion for Appropriate Relief" pursuant to N.C. Gen. Stat. § 15A-1411(c). The trial court then determined that defendant had not complied with the service and filing requirements provided for motions for appropriate relief in N.C. Gen. Stat. § 15A-1420(a)(2). The trial court also concluded that "Defendant does not allege newly discovered evidence or other genuine issues that would require an evidentiary hearing, and that the claims raised either were or could have been raised upon direct appeal[,]" which are grounds for denial of a motion for appropriate relief pursuant to N.C. Gen. Stat. § 15A-1419. The trial court denied defendant's motion on 14 December 2015.
 

 *250
 
 On 29 June 2017, defendant filed a petition for writ of certiorari asking this Court to review the trial court's order denying his motion for post-conviction DNA testing. We granted certiorari on 10 July 2017.
 

 *705
 
 On appeal, defendant argues that the trial court erred in denying his motion for post-conviction DNA testing because the facts at issue are sufficient to satisfy "the criteria for additional DNA testing" provided in N.C. Gen. Stat. § 15A-269. Defendant also argues that his motion for post-conviction DNA testing was denied in error by the trial court "based on a statute [pertinent to motions for appropriate relief] that was inapplicable to [defendant's] motion."
 

 Discussion
 

 In response to the ever-developing nature of DNA technology, N.C. Gen. Stat. § 15A-269 allows convicted defendants to submit requests for post-conviction DNA testing. Pursuant to N.C. Gen. Stat. § 15A-269,
 

 (a) A defendant may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing ... if the biological evidence meets all of the following conditions:
 

 (1) Is material to the defendant's defense.
 

 (2) Is related to the investigation or prosecution that resulted in the judgment.
 

 (3) Meets either of the following conditions:
 

 a. It was not DNA tested previously.
 

 b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.
 

 (b) The court shall grant the motion for DNA testing ... upon its determination that:
 

 (1) The conditions set forth in subdivisions (1), (2), and (3) of subsection (a) of this section have been met;
 

 (2) If the DNA testing being requested had been conducted on the evidence, there exists a reasonable probability that the verdict would have been more favorable to the defendant; and
 
 *706
 
 (3) The defendant has signed a sworn affidavit of innocence.
 

 N.C. Gen. Stat. § 15A-269(a) and (b) (2017).
 

 I. Post-Conviction Procedures
 

 A motion for post-conviction DNA testing pursuant to N.C. Gen. Stat. § 15A-269 is distinct from a motion for appropriate relief under N.C. Gen. Stat. § 15A-1411, -1420.
 
 State v. Howard
 
 ,
 
 247 N.C. App. 193
 
 , 203-05,
 
 783 S.E.2d 786
 
 , 793-94 (2016) ;
 
 see also
 

 State v. Brown
 
 ,
 
 170 N.C. App. 601
 
 , 607,
 
 613 S.E.2d 284
 
 , 288,
 
 disc. review denied
 
 ,
 
 360 N.C. 68
 
 ,
 
 621 S.E.2d 882
 
 (2005),
 
 superseded by statute on other grounds as recognized in
 

 State v. Norman
 
 ,
 
 202 N.C. App. 329
 
 , 332,
 
 688 S.E.2d 512
 
 , 515,
 
 disc. review denied
 
 ,
 
 364 N.C. 439
 
 ,
 
 702 S.E.2d 792
 
 (2010). Wholly separate from the post-conviction procedures that govern motions for appropriate relief, N.C. Gen. Stat. § 15A-269 "provide[s] a specific procedural vehicle for asserting, and obtaining relief on, claims for relief based on post-conviction DNA testing."
 
 Howard
 
 ,
 
 247 N.C. App. at 203
 
 ,
 
 783 S.E.2d at 794
 
 . In fact, even where a defendant files a motion for appropriate relief that contains multiple claims, one of which involves post-conviction DNA testing, the trial court must still "evaluat[e] each individual claim on the merits and under the applicable substantive law."
 

 Id.
 

 at 204
 
 ,
 
 783 S.E.2d at 795
 
 . Accordingly, where a defendant brings a motion for post-conviction DNA testing pursuant to N.C. Gen. Stat. § 15A-269, the trial court's task is to rule on the motion in accordance with the applicable substantive law as set forth in N.C. Gen. Stat. § 15A-269(b). A trial court may not supplant the analysis contemplated by N.C. Gen. Stat. § 15A-269(b) with the evaluation applicable to motions for appropriate relief.
 

 In the instant case, defendant filed a motion entitled "Request for Post-Conviction DNA Testing" requesting relief pursuant to N.C. Gen. Stat. § 15A-269. As such, the trial court was obliged to resolve various questions under N.C. Gen. Stat. § 15A-269(b). For instance, the trial court was required to determine whether the biological evidence
 
 *251
 
 was material to the defense, N.C. Gen. Stat. § 15A-269(a)(1), whether the re-testing of the DNA would be "significantly more accurate and probative" than the prior testing, N.C. Gen. Stat. § 15A-269(a)(3)(b), and whether "there exist[ed] a reasonable probability that the verdict would have been more favorable to ... defendant" had the requested testing been conducted, N.C. Gen. Stat. § 15A-269(b)(2). However, the trial court conducted no such inquiry, and denied defendant's motion on the grounds set forth in N.C. Gen. Stat. § 15A-1420(a)(2) and 1419(a) for evaluation of motions for appropriate relief. While the trial court in its order did note
 
 *707
 
 that defendant had "not allege[d] newly discovered evidence or other genuine issues[,]" the trial court was required to analyze the relevance of that deficit in light of the requirements of N.C. Gen. Stat. § 15A-269.
 

 In that the trial court's order does not address the requisite factors provided in N.C. Gen. Stat. § 15A-269, we cannot determine whether defendant's motion for post-conviction DNA testing was properly denied. Accordingly, we vacate the trial court's order and remand for the trial court's review consistent with the provisions of N.C. Gen. Stat. § 15A-269.
 

 II. Grounds to Grant Relief
 

 Defendant also argues that sufficient grounds exist to warrant post-conviction DNA testing of the biological evidence in the instant case. Although defendant's motion merely paraphrases the statute, on appeal he submits a factual basis for the allegations of his motion. Most significantly, defendant maintains that the prior testing was not reliable because of the inability of the DNA analyst from the State Crime Laboratory who examined the biological evidence at issue in defendant's trial to pass the required certification examination.
 

 In that this matter is being vacated and remanded to the trial court on other grounds, however, we decline to address defendant's additional arguments in support of his motion for post-conviction DNA testing.
 

 Conclusion
 

 For the reasons set forth above, the matter is
 

 VACATED AND REMANDED.
 

 Judges HUNTER, JR. and DIETZ concur.