IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-854

Filed 18 April 2023

Wake County, No. 21 CVS 1307

CHRISTOPHER B. VENTERS, Plaintiff,

v.

PHILLIP RUSSELL LANIER, Defendant.

Appeal by defendant from orders entered 13 September 2021 and 4 May 2022 by Judge Keith Gregory in Wake County Superior Court. Heard in the Court of Appeals 7 March 2023.

> *Buckmiller, Boyette & Frost, PLLC, by Matthew W. Buckmiller, for plaintiff - appellee.*

> *The Armstrong Law Firm, P.A., by L. Lamar Armstrong, III, for defendant-appellant.*

ARROWOOD, Judge.

Phillip Russell Lanier ("defendant") appeals from an order granting Christopher B. Venters's ("plaintiff") motion for summary judgment and from the trial court's order refusing to rule on his motions to amend and to reconsider. On appeal, defendant argues the trial court erred in granting plaintiff's motion for summary judgment and in declining to rule on defendant's motions to amend his admission and for reconsideration of summary judgment. In response, plaintiff has filed a motion to dismiss defendant's appeal "only as to the summary judgment order

due to numerous violations of the appellate rules." For the following reasons, we remand the matter to the trial court that abstained from ruling on defendant's motion to amend his responses to the requests for admission and his Rule 56 and 60 motions with respect to reconsider summary judgment.

## I.    Background

Plaintiff filed the initial complaint against defendant on 25 January 2021, asserting claims of alienation of affection and criminal conversation. On 12 April 2021, defendant, acting *pro se*, responded to the complaint answering only four of the allegations. On 28 June 2021, defendant filed another answer to the complaint, this time addressing all of the allegations. On 7 May 2021, defendant was served with plaintiff's first set of interrogatories, requests for production of documents, and first set of requests for admissions. In pertinent part, the requests for admissions stated:

> 50.  Admit or deny that Plaintiff is entitled to recover from you compensatory damages in excess of $500,000.00.

> 51.  Admit or deny that Plaintiff is entitled to recover from you punitive damages in excess of $500,000.00.

Defendant replied to the request for admissions on 1 July 2021, which was twenty-five days late. In his untimely response to the request for admissions, defendant admitted to having an affair with plaintiff's ex-wife, but denied that plaintiff was entitled to recover compensatory or punitive damages from him. On 9 July 2021, plaintiff filed a motion for summary judgment, arguing that defendant was untimely

in his response to the admissions and plaintiff was entitled to summary judgment as the issues were deemed admitted.

The matter came on for hearing on plaintiff's motion in Wake County Superior Court on 13 September 2021, Judge Gregory presiding. At the hearing, plaintiff's counsel argued that because defendant failed to respond within thirty days of being served with the request for admissions, those facts were admitted under Rule 36A and plaintiff was therefore entitled to summary judgment. Plaintiff offered no evidence other than the late response to the request for admissions to support a judgment. Defendant, still acting *pro se*, admitted that he was late in answering the request for admissions, and stated he could not afford an attorney and although he requested an extension for filing his answers, plaintiff's counsel declined to provide one.

The trial court initially expressed concern about granting plaintiff's motion for summary judgment, stating it was "not required to grant the motion[,]" as defendant did not seem to be intentionally doing "anything to usurp or obstruct the process[,]" and plaintiff was not prejudiced by defendant's late response. However, plaintiff's counsel advised the trial court that defendant had deeded real property, "right after this lawsuit was filed" to his parents and plaintiff's ex-wife, insinuating defendant was attempting to safeguard the property from the lawsuit. Defendant admitted he did deed the property to others. "[B]ased on that representation," the trial court granted plaintiff's motion for summary judgment in open court and in an order filed

13 September 2021, finding plaintiff was entitled to a judgment of $1,000,000.00. Defendant filed a *pro se* paper writing labeled "Notice of Appeal" on 13 October 2021.

On 17 November 2021, plaintiff filed another complaint against defendant, defendant's parents, and plaintiff's ex-wife regarding the transfer of real property. Thereafter, defendant hired an attorney who filed a motion to amend defendant's answers to plaintiff's request for admissions and a Rule 56 and 60 motion for reconsideration of summary judgment. These matters came on for hearing in Wake County Superior Court on 27 April 2022, Judge Gregory presiding.

At this hearing, defendant's counsel requested the trial court set aside summary judgment as to damages only under Rule 60(b)(1), (b)(5), and (b)(6). However, plaintiff's counsel argued defendant's claim under Rule 60(b) had no merit, and even if it had, the trial court did not have "discretion to grant the motion" since defendant filed a notice of appeal, depriving the trial court of jurisdiction. When plaintiff's counsel presented the defective notice of appeal, defendant's attorney said it was the first time he had seen that "but [he] didn't think" it was "a notice of appeal," and confirmed that there was no "appeal that's been filed or docketed with the Court of Appeals."

Following the hearing, in open court and in an order entered 4 May 2022, the trial court found it did "not have jurisdiction to hear" defendant's motions to reconsider summary judgment and to amend defendant's admissions since defendant had filed a notice of appeal to this Court. Therefore, the trial court abstained from

ruling on the motions. Defendant appealed.

## II. Discussion

On appeal, defendant raises two issues: (1) the trial court erred in granting plaintiff's motion for summary judgment for $1,000,000.00 in damages; and (2) the trial court should have ruled upon defendant's motion to amend his admissions and reconsider summary judgment. Plaintiff has filed a motion to dismiss defendant's appeal "only as to the summary judgment order due to numerous violations of the appellate rules." For the following reasons, we dismiss the purported appeal from the order granting summary judgment, vacate the trial court's order declining to rule on defendant's motions, and remand to the trial court to consider the motions.

Defendant's purported *pro se* notice of appeal was defective and did not confer jurisdiction on this Court. "In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure and failure to follow the requirements thereof requires dismissal of an appeal." *In re R.A.F.*, 284 N.C. App. 637, 642, 877 S.E.2d 84, 89 (2022) (citations and internal quotation marks omitted). "Any party entitled by law to appeal from a judgment or order . . . may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed[.]" N.C.R. App. P. 3(a) (2022). The notice must "specify the party . . . taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken; and shall be

signed by counsel of record . . ., or by any such party not represented by counsel of record." N.C.R. App. P. 3(d). "A party must comply with the requirements of Rule 3 to confer jurisdiction on an appellate court. Thus, failure to comply with Rule 3 is a jurisdictional default that prevents this Court 'from acting in any manner other than to dismiss the appeal.'" *In re Moore*, 234 N.C. App. 37, 40, 758 S.E.2d 33, 36 (citations omitted), *disc. review denied*, 367 N.C. 527, 762 S.E.2d 202 (Mem) (2014).

Here, defendant's purported notice of appeal lacked any information other than a heading that would designate it as an attempted appeal. The first page of the document contained a caption with the words "Notice of Appeal" with the remainder of the page blank. The second page consisted of two paragraphs that argues why plaintiff had not been damaged and contained the *pro se* defendant's signature. It did not comply with any of the requirements of Rule 3 other than containing a signature. It is apparent from a cursory review of the paper writing that it was not a proper Notice of Appeal and was not sufficient to deprive the trial court of jurisdiction or to convey jurisdiction to this Court. *Brooks v. Gooden*, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984) (" 'Without proper notice of appeal, this Court acquires no jurisdiction.' ") (citation omitted); *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 364 (2008) ("[A] default precluding appellate review on the merits necessarily arises when the appealing party fails to complete all of the steps necessary to vest jurisdiction in the appellate court.") (citation omitted); *State v. Kirkman*, 251 N.C. App. 274, 283, 795 S.E.2d 379,

385 (2016) (finding that because the defendant's "notice of appeal was defective, . . . jurisdiction was not with this Court, but rather still with the trial court[,]" but still assessing the merits of the claim since the defendant acknowledged this error and filed a petition for *writ of certiorari*) (citing *State v. Miller*, 205 N.C. App. 724, 696 S.E.2d 542 (2010)), *disc. review denied*, 369 N.C. 523, 797 S.E.2d 299 (Mem) (2017).

In view of the fact that the appeal was clearly insufficient to satisfy the Rules of Appellate Procedure, jurisdiction remained with the trial court to rule on all the motions filed by defendant.  Accordingly, the trial court erred in declining to rule on the motions. The order abstaining from ruling on all the motions must be vacated and this matter remanded to Judge Gregory.

### III.    Conclusion

For the foregoing reasons, we dismiss the purported appeal from the initial summary judgment order for lack of jurisdiction, vacate the order in which the trial court abstained from ruling on defendant's pending motions, and remand for the trial judge to consider defendant's motions.

 DISMISSED IN PART, VACATED AND REMANDED IN PART.

Judges MURPHY and RIGGS concur.