IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-197

Filed 3 December 2024

Durham County, No. 14 CRS 51267

STATE OF NORTH CAROLINA

v.

ANTHONY TYRONE BROWN

Appeal by defendant from order entered 28 June 2022 by Judge Josephine Kerr Davis in Durham County Superior Court. Heard in the Court of Appeals 25 September 2024.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Sherri Horner Lawrence, for the State.*

> *N.C. Center on Actual Innocence, by Christine C. Mumma and Michael T. Roberson, for defendant-appellant.*

DILLON, Chief Judge.

During a post-conviction investigation, Defendant Anthony Tyrone Brown learned that evidence from his case had been destroyed. Defendant moved to vacate his conviction, contending the destroyed evidence could have been tested with new DNA testing technologies and might have exonerated him. The trial court denied his motion. We affirm.

I. Background

In October 2014, Defendant was convicted of robbery with a firearm and

sentenced to 84 to 113 months of imprisonment. Defendant appealed his conviction, and our Court held no error. *See State v. Brown*, 247 N.C. App. 399 (2016) (unpublished).

Following his conviction, the North Carolina Center on Actual Innocence ("NCCAI") investigated Defendant's case and requested an inventory on the evidence held by the Durham Police Department and Durham County Clerk of Superior Court ("Durham Clerk's Office"). The Durham Clerk's Office responded that the evidence entered as exhibits at Defendant's trial had been destroyed.

In January 2021, Defendant filed a Motion for Hearing Regarding Unlawful Destruction of Evidence.

In March 2022, Defendant moved for a hearing on the matter. Defendant alleged that the Durham Clerk's Office violated N.C.G.S. § 15A-268 by destroying biological evidence without proper notice to him and that the destruction of the evidence (specifically, latent fingerprints collected from the crime scene) prejudiced him by depriving him of the opportunity to conduct exculpatory DNA testing. In his motion, Defendant sought an order to calendar a hearing on the matter without further delay and then, after the hearing, for an order to be entered vacating his conviction and dismissing the robbery charge with prejudice.

Approximately one week later, Judge Orlando Hudson entered an order directing that the matter be calendared for hearing without delay. In his order, Judge Hudson determined, in relevant part, that (1) the destroyed evidence was "biological

evidence" under Section 15A-268(a); (2) the Durham Clerk's Office was required to preserve the destroyed evidence for the duration of Defendant's incarceration, pursuant to Section 15A-268(a6)(3); and (3) the Durham Clerk's Office could only dispose of the destroyed evidence if the requirements of Section 15A-268(b) were met.

In June 2022, another judge, Judge Josephine Kerr Davis, held the hearing ordered by Judge Hudson. Following the hearing, Judge Davis entered an order denying Defendant's motion.[1] Defendant petitioned our Court for a writ of *certiorari* to review Judge Davis's order, which our Court allowed on 9 October 2023.[2]

## II. Analysis

Defendant contends the trial court erred in denying his motion to dismiss his conviction. He presents several arguments, which we address in turn.

### A. Meaningful Appellate Review

First, Defendant asserts that our Court is unable to conduct a meaningful

---

[1] The June 2022 Order stated, "DEFT MOTION FOR HEARING REGARDING UNLAWFUL DESTRUCTION OF EVIDENCE - PER COURTS IS DENIED." We construe this order in light of the presumption of regularity and that the trial court was denying the relief requested by Defendant (i.e., dismissal of charges), and not that the trial court was denying Defendant's motion for a hearing (which had already been granted in the March 2022 Order).

[2] Defendant has also filed with our Court a *Motion for Appropriate Relief*, alleging he received ineffective assistance of counsel in his 2014 trial, and a *Motion to Amend the Record and Consider Materials Pursuant to Rule 2*. In our discretion, we deny Defendant's motion to amend, and we dismiss his MAR without prejudice to file it in the trial court.

The State also filed a *Petition for Writ of Certiorari*, asking our Court to review the March 2022 Order, arguing that the Durham Clerk's Office was not required to preserve the destroyed fingerprints because they were not designated as evidence that "may have biological evidentiary value," pursuant to N.C.G.S. § 15A-268(a3). In our discretion, we deny the State's petition and, therefore, need not determine whether the trial court correctly determined in its March 2022 Order that the Durham Clerk's Office violated the statute by destroying the fingerprint evidence.

review of Judge Davis's order because her order did not include findings of fact or conclusions of law. We disagree.

Judge Davis's order merely states that Defendant's "MOTION FOR HEARING REGARDING UNLAWFUL DESTRUCTION OF EVIDENCE – PER COURTS IS DENIED." Again, in Defendant's Motion, he sought both a hearing and then the vacatur of his conviction/dismissal of the robbery charge. We construe Judge Davis's order as a denial of Defendant's request for the vacatur of his conviction/dismissal of the robbery charge and *not* of his request for a hearing. Judge Hudson already ordered the hearing, and Judge Davis held the hearing.

In any event, we note Section 15A-268, which is part of the DNA Database and Databank Act, does not expressly require that the trial court make specific findings of fact or conclusions of law. *See* N.C.G.S. § 15A-268. And we have held that an order entered pursuant to another part of the Act, Section 15A-269, does not require findings and conclusions. Specifically, in *State v. Gardner*, we declined to impose a requirement that the trial court make specific findings and conclusions for orders denying relief based on Section 15A-269. 227 N.C. App. 364, 370 (2013). Also, in *State v. Shaw*, we explained that a motion pursuant to Section 15A-269 is distinct from a Motion for Appropriate Relief ("MAR") and has "wholly separate" procedures. 259 N.C. App. 703, 706 (2018). Whereas an MAR requires the trial court to make specific findings of fact when it holds an evidentiary hearing, *see* N.C.G.S. § 15A-1420(c)(4), Section 15A-269 contains no such requirement. Similarly, we hold Section

15A-268 does not require the trial court to make specific findings of fact and conclusions of law.

## B. Due Process

Defendant argues that the trial court denied him his requested remedy in Judge Davis's order without reaching the due process issue. When the State presented its argument at the June 2022 hearing, the State focused its argument on whether the destroyed fingerprints required preservation under Section 15A-268— an issue already decided by Judge Hudson in the March 2022 Order. Defendant asserts that Judge Davis adopted the State's position and ruled against Defendant because she (presumably) agreed Section 15A-268 did not require preservation of the evidence destroyed by the Durham Clerk's Office. We note it would be inappropriate for Judge Davis to rule based on those grounds, as she would impermissibly be overruling Judge Hudson's earlier order. *See Michigan Nat'l Bank v. Hanner*, 268 N.C. 668, 670 (1966) ("The power of one judge of the superior court is equal to and coordinate with that of another[.]"). *See also Calloway v. Ford Motor Co.*, 281 N.C. 496, 501 (1972) ("[O]rdinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.").

We, however, do not construe Judge Davis's order as overruling Judge Hudson's earlier order. Specifically, in his order, Judge Hudson determined that the Durham Clerk's Office destroyed evidence that was required to be preserved, and he ordered a hearing, which was in his discretion. *See* N.C.G.S. § 15A-268(g) ("[T]he

court *may* conduct a hearing[.]"). Judge Davis then conducted a hearing pursuant to Section 15A-268(g), which does not require a trial court to dismiss charges where evidence is improperly destroyed. Instead, it provides, "If the court finds the destruction violated the defendant's due process rights, the court shall order an appropriate remedy, which may include dismissal of charges." *Id.*

We conclude that, by denying Defendant's motion to vacate his conviction, Judge Davis necessarily found that Defendant's due process rights were not violated by the evidence destruction and, accordingly, that Defendant's requested remedy was not required. *See id.* (instructing the court "shall" grant an appropriate remedy *only if* the court finds that destruction violated the defendant's due process rights).

A defendant has the burden of proving a due process violation at the hearing, in addition to proving a violation of Section 15A-268. And based on Judge Davis's order, we conclude she determined Defendant failed to meet his burden.

Though we have not yet addressed a defendant's burden to show a due process violation specifically under Section 15A-268(g), our Supreme Court has described a defendant's burden to show a due process violation under another statute which also addresses preservation of evidence; namely Section 15-11.1, which states that "[i]f a law-enforcement officer seizes property pursuant to lawful authority, he shall safely keep the property under the direction of the court or magistrate as long as necessary to assure that the property will be produced at and may be used as evidence in any trial." N.C.G.S. § 15-11.1. Specifically, that Court stated:

> [W]hen the State fails to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant, the unavailability of the evidence does not constitute a denial of due process of law unless the defendant shows *bad faith* on the part of the State.

*State v. Lewis*, 365 N.C. 488, 501 (2012) (cleaned up). *See also Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) ("We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.").

Our Supreme Court has held that the bad faith requirement applies to the destruction of evidence *before* trial. Applying the Supreme Court's reasoning, we hold the same burden (i.e., showing bad faith by the State) applies for showing a due process violation based on the destruction of evidence *after* trial or after a defendant's conviction.

In this case, Defendant has failed to show that the Durham Clerk's Office acted in bad faith in destroying the evidence.

In support of his argument that the Durham Clerk's Office acted in bad faith, Defendant notes the following: Before the Durham Clerk's Office destroyed the fingerprints, the State received notice that NCCAI was investigating Defendant's case; NCCAI emailed the Durham Clerk's Office inquiring about the fingerprints before their destruction; and the Durham Clerk's Office preserved the fingerprints for several years before destroying them.

However, it is also possible the Durham Clerk's Office thought it was complying with procedure when it destroyed the evidence. There are conflicts in Section 15A-268 between (a1), which requires a custodial agency to preserve physical evidence that likely contains biological evidence, and (a3) and (a4), which only require evidence preservation when evidence is designated as having biological evidentiary value and the trial court instructs the clerk of superior court to take custody and preserve the evidence. *See* N.C.G.S. §§ 15A-268(a1), (a3), (a4).

Accordingly, Defendant failed to show the Durham Clerk's Office/the State acted in bad faith in destroying the latent fingerprint cards. Thus, the trial court did not violate Section 15A-268 when it denied Defendant his requested remedy.

AFFIRMED.

Judges MURPHY and THOMPSON concur.