An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-645

Filed 6 May 2026

Cumberland County, No. 01CR055722-250

STATE OF NORTH CAROLINA

v.

LONNIE L. HARGROVE, Defendant.

Appeal by Defendant from Order entered 21 December 2022 by Judge James Floyd Ammons, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 10 February 2026.

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for Defendant-Appellant.*

> *Attorney General Jeff Jackson, by Assistant Attorney General Hillary F. Patterson, for the State.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Lonnie L. Hargrove (Defendant) appeals from an Order denying his pro se Motion for Appropriate Relief and his Motion to Locate and Preserve Evidence and

Motion for Post-Conviction DNA Testing. The Record before us tends to reflect the following:

On 11 April 2003, Defendant entered an *Alford*[1] plea to Second-Degree Murder, First-Degree Burglary, and Assault with a Deadly Weapon with Intent to Kill or Inflict Serious Injury. Defendant was sentenced to 232 to 288 months for the murder conviction, with a consecutive sentence of 80 to 105 months to follow for the burglary and assault convictions.

On 12 April 2022, Defendant filed a pro se Motion to Locate and Preserve Evidence and a Motion for Post-Conviction DNA Testing.[2] In the Motions, Defendant asked the trial court for an order to "[l]ocate and [p]reserve any and all physical and biological evidence obtained throughout the process of investigation and prosecution of Defendant's case," and to order "the testing of aforesaid evidence for biological markers of DNA belonging to the Defendant." Defendant alleged the requested DNA testing was material to his "claim of wrongful conviction" and the evidence needed "to be preserved and tested for DNA where the results would prove that [he] was not the perpetrator of the crime(s)." Defendant also alleged "due to today's advanced DNA testing technology, the items he has requested can now be tested for DNA . . . that was previously undetectable" and the *lack* "of this 'harder to detect' DNA" on the

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] Defendant's Motion to Locate and Preserve Evidence, pursuant to N.C. Gen. Stat. § 15A-268, and Motion for Post-Conviction DNA Testing, pursuant to N.C. Gen. Stat. § 15A-269, are two distinct motions. However, Defendant submitted the Motions as a single filing.

requested evidence would "conclusively prove" (capitalization altered) he had been wrongfully convicted. He alleged the requested evidence would "clearly contain or could possibly contain biological evidence relevant to" his prosecution.

On 19 May 2022, Defendant filed a pro se Motion for Appropriate Relief (MAR) pursuant to N.C. Gen. Stat. § 15A-1415. Defendant alleged the indictments had been defective and his sentence violated double jeopardy.

On 21 December 2022, the trial court entered an Order denying Defendant's MAR and his Motion for Post-Conviction DNA Testing.[3] The Order indicated matters were heard upon both Defendant's MAR and Motion for Post-Conviction DNA Testing. The trial court's specific Findings discussed only the MAR; the trial court stated it had "considered the allegations contained in the motions and the case file" and found "the Motion for Appropriate Relief sets forth no probable grounds for relief requested, either in law or in fact[.]" The trial court concluded "there are no probable grounds for relief" and denied both Motions.

On 9 January 2023, Defendant filed Notice of Appeal from the trial court's Order and requested the appointment of the appellate defender. On 22 August 2024, Defendant filed a petition for writ of mandamus with this Court, alleging his Notice

---

[3] The trial court's 21 December 2022 Order did not expressly address Defendant's Motion to Locate and Preserve Evidence. Presumably this is so because the custodial agency is—subject to certain conditions—required by statute to "preserve any physical evidence, regardless of the date of collection, that is reasonably likely to contain any biological evidence collected in the course of a criminal investigation or prosecution." N.C. Gen. Stat. § 15A-268(a1) (2025). Defendant has not presented this Court with any arguments as to his Motion to Locate and Preserve Evidence; accordingly, we do not address it further.

of Appeal had not been acknowledged in the trial court nor had he been appointed appellate counsel.

About one month later, on 23 September 2024, the trial court entered an Order further addressing Defendant's Motion for Post-Conviction DNA Testing.[4] In this Order, the trial court concluded Defendant had not met the burden of proving "materiality" required for the appointment of counsel under N.C. Gen. Stat. § 15A-269(c). Specifically, the trial court noted Defendant had asserted DNA testing would be exculpatory because it would reveal a "lack" of Defendant's DNA on the evidence. The trial court further stated Defendant's Motion for Post-Conviction DNA Testing "does not have any findings that allows the defendant to be approved for DNA testing" and denied both the Motion and Defendant's request for the appointment of counsel. Defendant did not appeal this Order.

On 11 October 2024, this Court allowed Defendant's petition for writ of mandamus and ordered the trial court to "take judicial action" on Defendant's requests for the appointment of appellate counsel under N.C. Gen. Stat. § 15A-270.1, as opposed to his request for appellate counsel under N.C. Gen. Stat. § 15A-269(c).

---

[4] In the instant case, the trial court retained jurisdiction to enter subsequent orders even after Defendant filed his Notice of Appeal because, as discussed below, Defendant's Notice of Appeal was defective. *See State v. Kirkman*, 251 N.C. App. 274, 283, 795 S.E.2d 379, 385 (2016) (citing *State v. Miller*, 205 N.C. App. 724, 696 S.E.2d 542 (2010)); *see also Venters v. Lanier*, 288 N.C. App. 483, 487, 886 S.E.2d 188, 191 (2023) ("In view of the fact that the appeal was clearly insufficient to satisfy the Rules of Appellate Procedure, jurisdiction remained with the trial court to rule on all the motions filed by defendant.").

On 5 December 2024, the trial court entered an order directing the appellate defender to represent Defendant in the present appeal. The appellate defender was appointed on 21 January 2025.

Defendant, through his appellate counsel, filed a Petition for Writ of Certiorari with this Court on 14 August 2025.

## **Appellate Jurisdiction**

A defendant may appeal a trial court's denial of a motion for post-conviction DNA testing, *see* N.C. Gen. Stat. § 15A-270.1 (2025), but must "fil[e] notice of appeal with the clerk of superior court and serv[e] copies thereof upon all adverse parties within fourteen days after entry of the judgment or order[,]" N.C. R. App. P. 4(a)(2) (2025). Here, the Order was entered on 21 December 2022. Defendant's written Notice of Appeal was filed on 9 January 2023. Thus, Defendant's Notice of Appeal was not filed within fourteen days after entry of the Order.

Defendant, acknowledging this defect, filed a Petition for Writ of Certiorari to allow us to review the trial court's Order denying Defendant's Motion for Post-Conviction DNA Testing. "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" *Id.* 21(a)(1) (2025).

"Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959), *cert.*

- 5 -

*denied*, 362 U.S. 917, 80 S. Ct. 670, 4 L. Ed. 2d 738 (1960). "[A] writ of certiorari should issue only if the petitioner can show merit or that error was probably committed below" and "only if there are extraordinary circumstances to justify it." *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of the U.S.*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023) (citations and quotation marks omitted). "Ultimately, the decision to issue a writ of certiorari rests in the sound discretion of the presiding court." *Id.* at 573, 887 S.E.2d at 851 (citing *State v. Ricks*, 378 N.C. 737, 740, 862 S.E.2d 835, 838 (2021)).

Here, Defendant argues error was probably committed below because the trial court allegedly erroneously applied the standard of review for an MAR to Defendant's Motion for Post-Conviction DNA Testing. Conversely, the State argues the trial court properly denied Defendant's Motion and asks us to deny Defendant's Petition for Writ of Certiorari. We agree with the State that Defendant has not shown sufficient merit to allow us to issue the writ.

"Our standard of review of a denial of a motion for postconviction DNA testing is analogous to the standard of review for a motion for appropriate relief. Findings of fact are binding on this Court if they are supported by competent evidence and may not be disturbed absent an abuse of discretion." *State v. Gardner*, 227 N.C. App. 364, 365-66, 742 S.E.2d 352, 354 (2013). "The lower court's conclusions of law are reviewed *de novo*." *Id.*

Under N.C. Gen. Stat. § 15A-269,

[a] defendant may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing and, if testing complies with FBI requirements and the data meets NDIS criteria, profiles obtained from the testing shall be searched and/or uploaded to CODIS if the biological evidence meets all of the following conditions:

(1) Is material to the defendant's defense.

(2) Is related to the investigation or prosecution that resulted in the judgment.

(3) Meets either of the following conditions:

a. It was not DNA tested previously.

b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.

N.C. Gen. Stat. § 15A-269(a) (2025). Moreover, a defendant must "prov[e] by a preponderance of the evidence every fact essential to support the motion for postconviction DNA testing, which includes the facts necessary to establish materiality." *State v. Byers*, 375 N.C. 386, 394, 847 S.E.2d 735, 741 (2020). Evidence is material if there is "a *reasonable probability* that, had the evidence been disclosed to the defense, the result of the proceeding may have been different, in the context of the entire record and hinging upon whether the evidence may have affected the jury's deliberations, as to [the] petitioner's claim of wrongful conviction." *Id.* at 397, 847 S.E.2d at 743 (emphasis in original).

Here, Defendant asserts "to the extent the order provided *any* explanation for its denial of [Defendant's] motion for post-conviction DNA testing, it appeared to apply the standards that apply to an MAR." (emphasis in original).

As an initial matter, we note Section 15A-269 does not expressly require the trial court to make findings of fact or conclusions of law. *See* N.C. Gen. Stat. § 15A-269 (2025). Indeed, this Court has held an order denying relief pursuant to N.C. Gen. Stat. § 15A-269 does not need to have specific findings or conclusions. *Gardner*, 227 N.C. App. at 370, 742 S.E.2d at 356 (explaining the trial court "need only make specific findings of facts and conclusions of law when a party requests the trial court do so" in civil cases and "declin[ing] to impose such a requirement[ ]" for orders rendered under N.C. Gen. Stat. § 15A-269). Rather, the trial court's order is sufficient so long as it "rule[s] on the motion in accordance with the applicable substantive law as set forth in N.C. Gen. Stat. § 15A-269(b)." *State v. Shaw*, 259 N.C. App. 703, 706, 816 S.E.2d 248, 250 (2018).

In the case *sub judice*, the trial court's 21 December 2022 Order indicated it was heard upon both Defendant's MAR and Defendant's Motion for Post-Conviction DNA Testing. The trial court's specific Findings solely addressed the MAR:

> The Court, having considered the allegations contained in the motions and the case file, finds as fact that the Motion for Appropriate Relief sets forth no probable grounds for the relief requested, either in law or in fact, and further specifically finds that a procedural BAR, pursuant to G.S. 15A-1419 was placed on June 19, 2015 and again on August 17, 2017 when the

defendant['s] previously filed Motions For Appropriate Relief were summarily dismissed.

The trial court further stated it had "considered the allegations contained in the *motions* and the case file" (emphasis added) and concluded the "*motions* are denied" (emphasis added).

The trial court subsequently entered an Order on 23 September 2024, concluding Defendant "did not meet" his burden of demonstrating materiality under N.C. Gen. Stat. § 15A-269. Defendant contends the trial court "misread [Defendant's] motion to the extent it determined that [Defendant] alleged *only* that testing would show a 'lack of biological material.'" (emphasis in original). However, our review of the trial court's 23 September 2024 Order shows the trial court's Conclusion was not solely based on Defendant's assertion that DNA testing would reveal a lack of his DNA; rather, the trial court noted nothing in Defendant's Motion "allows the defendant to be approved for DNA testing" and concluded Defendant did not meet his burden of demonstrating materiality under Section 15A-269(b).

Defendant asserts this case is like *State v. Shaw*, 259 N.C. App. 703, 816 S.E.2d 248 (2018). There, this Court instructed:

> [W]here a defendant brings a motion for post-conviction DNA testing pursuant to N.C. Gen. Stat. § 15A-269, the trial court's task is to rule on the motion in accordance with the applicable substantive law as set forth in N.C. Gen. Stat. § 15A-269(b). A trial court may not supplant the analysis contemplated by N.C. Gen. Stat. § 15A-269(b) with the evaluation applicable to motions for appropriate relief.

*Id.* at 706, 816 S.E.2d at 250. The defendant in *Shaw* had filed a motion for post-conviction DNA testing, but the trial court "decided that 'the caption of [the] Defendant's Motion notwithstanding, this Court will review it as a Motion for Appropriate Relief' pursuant to N.C. Gen. Stat. § 15A-1411(c)." *Id.* at 704, 816 S.E.2d at 249.

Here, by contrast, the trial court acknowledged Defendant had filed distinct Motions and ruled on them separately. Although the trial court's specific Findings pertained only to Defendant's MAR, nothing in the 21 December 2022 Order indicates it applied the standard for an MAR to Defendant's Motion for Post-Conviction DNA Testing. Moreover, the trial court subsequently entered the 23 September 2024 Order with Findings and Conclusions specific to Defendant's Motion for Post-Conviction DNA Testing, concluding Defendant failed to meet his burden of proving the evidence he sought to have tested was material.

Thus, based on our review of the Record, we are unable to conclude the trial court failed to apply the standard of review applicable to Defendant's Motion for Post-Conviction DNA testing in its 21 December 2022 Order. Therefore, Defendant has not shown "merit or that error was probably committed below[.]" *Cryan*, 384 N.C. at 572, 887 S.E.2d at 851. Consequently, we deny Defendant's Petition for Writ of Certiorari and dismiss the appeal.

## **Conclusion**

Accordingly, for the foregoing reasons, we deny Defendant's Petition for Writ of Certiorari and dismiss the appeal.

DISMISSED.

Judges TYSON and ZACHARY concur.

Report per Rule 30(e).